IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD

DONNA S. THOMAS
        Plaintiff,

v.                                               CIVIL ACTION NO. 1:15-cv-13711

NANCY A. BERRYHILL,
 Acting Commissioner of Social Security,
        Defendant.

**PROPOSED FINDINGS AND RECOMMENDATION**

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's applications for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. § 401-433. By standing order, this case was referred to this United States Magistrate Judge to consider the pleadings and evidence, and to submit proposed findings of fact and recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B). Presently pending before this Court are Plaintiff's Memorandum in Support of Judgment on the Pleadings (ECF No. 10) and Brief in Support of Defendant's Decision (ECF No. 11).

Donna S. Thomas (hereinafter referred to as Claimant), filed an application for DIB on October 28, 2011, alleging disability as of June 12, 2010. Her claim was denied initially on March 11, 2011, and upon reconsideration on July 5, 2011. Thereafter, Claimant filed a second application for DIB on January 28, 2012, alleging disability as of December 31, 2010. Her claim was denied initially on August 7, 2012, and upon reconsideration on November 7, 2012. On December 5, 2012, Claimant requested a hearing before an Administrative Law Judge (ALJ). A hearing was held on February 20, 2014, in Charleston, West Virginia. By decision dated March 14, 2014, the

ALJ determined that Claimant was not entitled to benefits (Tr. at 34-44). The ALJ's decision became the final decision of the Commissioner on August 8, 2015, when the Appeals Council denied Claimant's request for review (Tr. at 1-4). On October 6, 2015, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g) (ECF No. 2).

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(i), a claimant for disability benefits has the burden of proving a disability. *See Blalock v. Richardson*, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. §§ 404.1520, 416.920 (2016). If an individual is found "not disabled" at any step, further inquiry is unnecessary. *Id.* §§ 404.1520(a), 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. *Id.* §§ 404.1520(b), 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. *Id.* §§ 404.1520(c), 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. *Id.* §§ 404.1520(d), 416.920(d). If it does, the claimant is found disabled and awarded benefits. *Id.* If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. *Id.* §§ 404.1520(e), 416.920(e). By satisfying inquiry four, the claimant establishes a *prima facie* case of disability. *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth

and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f) (2016). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she has not engaged in substantial gainful activity during the period from alleged onset date of December 31, 2010, through her date last insured of March 31, 2011 (Tr. at 36). Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of lupus, obesity, major depression/dysthymic disorder and generalized anxiety disorder and panic disorder with agoraphobia. (*Id.*) At the third inquiry, the ALJ concluded that Claimant's impairments do not meet or equal the level of severity of any listing in Appendix 1 (Tr. at 37). The ALJ then found:

> [T]hrough the date last insured, the claimant had the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently, sit 6 hours in an 8-hour workday. The claimant can never climb ladders, ropes or scaffolds and occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl. She should avoid even moderate exposure to extreme cold and concentrated exposure to extreme heat, wetness, humidity, vibration, fumes, odors, dusts, gases, poor ventilation, hazards, machinery and heights. She is limited to frequent contact with the general public (Tr. at 39).

Although the ALJ's decision did not explicitly state that Claimant can perform a range of light work in the sequential evaluation step-four, Plaintiff's Memorandum in Support of Judgement on the Pleadings (ECF No. 10) and the Brief in Support of Defendant's Decision (ECF No. 11) state that the ALJ found that Claimant retained the residual functional capacity to perform a range

of light work. The hearing transcript reflects that the vocational expert stated Claimant's previous work appeared to be considered as a front office worker, payroll stamping clerk or payroll clerk at a semi-skilled sedentary work range (Tr. at 101). The ALJ held that Claimant was capable of performing past relevant work as a front office worker/ payroll clerk (Tr. at 43). The ALJ relied on the vocational expert's (VE) testimony that "Claimant's past relevant work as a front officer worker/payroll clerk is sedentary exertion and semiskilled." (*Id.*) On this basis, benefits were denied (Tr. at 44).

## Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In *Blalock v. Richardson*, substantial evidence was defined as:

> [E]vidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972) (quoting *Laws v. Cellebreze*, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In reviewing for substantial evidence, the Court does not undertake to re-weigh conflicting evidence, make credibility determinations or substitute its judgment for that of the Commissioner. *Id.* "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to

determine whether the conclusions reached are rational." *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is not supported by substantial evidence.

### Claimant's Background

Claimant was born on October 31, 1953, making her 57 years old as of her alleged onset date. Claimant has a high school education with two years of college (Tr. at 86). Claimant previously trained for nine-weeks to be a nurse's aide (Tr. at 87).

### The Medical Record

The court has reviewed all evidence of record, including the medical evidence of record, and will discuss it further below as necessary.

### Medical Opinions

The ALJ weighed the medical opinions on the record. The ALJ held that "The undersigned gives some weight to the opinion of Dr. Egnor but finds the opinion of Dr. Gomez is more consistent with the record and given great weight" (Tr. at 42). James Egnor, M.D. is a State agency medical consultant who reviewed the record on June 28, 2011 and completed a physical assessment form. Dr. Gomez is not mentioned anywhere else in the ALJ's decision. His first name is not provided in the decision and his opinion is not explained in the decision. The undersigned does not know if Dr. Gomez is a treating or consulting physician.

### Discussion

While the ALJ is required to weigh the relevant medical opinions, he "need not discuss every shred of evidence in the record," and is under no duty to explicitly refer to each exhibit. *Reynolds v. Colvin*, 2014 WL 2852242, at *21 (S.D. W.Va. Aug 19, 2014), *adopted by* 2014 WL 4852250 (S.D. W.Va. September 29, 2014; *McGrady v. Astrue*, 2011 WL 4828884, at *20 (N.D.

W.Va. September 16, 2011) (quoting *Mays v. Barnhart,* 227 F. Supp. 2d 443, 448 (E.D. Pa. 2002), *aff'd* 78 F. App'x 808 (3d Cir. Oct. 27, 2003)) ("[t]he ALJ is not required to give an exhaustive discussion of all the exhibits. 'Consideration of all the evidence does not mean that the ALJ must explicitly refer to each and every exhibit in the record.'").

In weighing a medical opinion, an ALJ will consider the examining relationship; the treatment relationship, including the length of treatment, the frequency of examination and the nature and extent of the treatment relationship; the relevant evidence, including medical signs and laboratory findings, supporting the opinion; the consistency of an opinion with the record as whole; the specialization of the treating physician; and any other factors which tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(c)(1)-(6) and 416.927(c)(1)-(6). An ALJ does not need to address each individual factor in making his decision, but should sufficiently demonstrate his analysis of the relevant evidence. See *Pinson v. McMahon*, Civil Action No. 3:07-1056-PMD-JRM, 2009 WL 763553, at *10 (D.S.C. Mar. 19, 2009).

As explained by SSR 96-6p, the regulations provide "progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual become weaker." For example, SSR 96-6p states that opinions of physicians or psychologists who do not have a treatment relationship with the individual are weighed by stricter standards, based to a greater degree on medical evidence, qualifications, and explanations for the opinions, than are required of treating sources.

## Conclusion

It is not the role of the Court to search for evidence and articulate for the ALJ's decision which the ALJ himself did not articulate. *See Rhinehardt v. Colvin*, No. 4:12-CV-101-D, 2013

U.S. Dist. LEXIS 75948, 2013 WL 2382303, *2 (E.D.N.C. May 30, 2013) (citation omitted) ("If the ALJ fails to explain why an impairment does not meet the listing criteria, the decision is deficient."); *Tanner v. Astrue*, C/A No. 2:10-1750-JFA, 2011 U.S. Dist. LEXIS 105731, 2011 WL 4368547, *4 (D.S.C. Sept. 19, 2011) (stating "if the ALJ did not rationally articulate grounds for her decision, this court is not authorized to plumb the record to determine reasons not furnished by the ALJ"). In *Radford v. Colvin*, 734 F.3d 288 (4th Cir. 2013), the Fourth Circuit stated that a necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. "If the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Id.* (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744, 105 S. Ct. 1598, 84 L. Ed 2d 643 (1985)).

In the present matter, the ALJ's holding provided no basis for giving greater weight to the opinion of Dr. Gomez. The ALJ failed to provide any explanation or analysis that would allow for meaningful review, therefore, the undersigned respectfully recommends that the District Judge find that substantial evidence does not support the ALJ's decision.

All other issues will not be discussed at this time due to the recommendation to remand for reconsideration of the record of evidence as a whole.

For the reasons provided above, the undersigned proposes that the presiding District Judge **GRANT** Plaintiff's Memorandum in Support of Judgment on the Pleadings (ECF No. 10), **DENY** Defendant's Brief in Support of Defendant's Decision (ECF No. 11), **REVERSE** the final decision of the Commissioner, **REMAND** this case to the Commissioner for further proceedings pursuant to sentence four of 42 § U.S.C. § 405(g) and **DISMISS** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**

and a copy will be submitted to the Honorable Judge David A. Faber.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Faber and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

Enter:  February 28, 2017

Dwane L. Tinsley
United States Magistrate Judge