IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

DONNA S. THOMAS,

    Plaintiff,

v.                                CIVIL CASE NO. 1:15-13711

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

    Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

    By Standing Order, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of findings and recommendations regarding disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Tinsley submitted his Proposed Findings and Recommendation ("PF&R") to the court on February 28, 2017, in which he recommended that the district court grant Plaintiff's Brief in Support of Judgment on the Pleadings (Doc. No. 10), deny Defendant's Brief in Support of Defendant's Decision (Doc. No. 11), reverse the final decision of the Commissioner, remand this case to the Commissioner for further proceedings pursuant to sentence four of 42 § U.S.C. § 405(g), and dismiss this matter from the court's docket.

    In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing

days, in which to file any objections to the Magistrate Judge's PF&R.  The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court.  See Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

Defendant filed her objections to the Magistrate Judge's PF&R within the seventeen-day period.  See Doc. No. 13.  Then Plaintiff filed her response.  See Doc. No. 14.  A short restatement of the governing instrument is important.  Under 20 C.F.R. §§ 404.1527(c)(1)-(6) and 416.927(c)(1)-(6), when weighing a medical opinion, an Administrative Law Judge ("ALJ") must consider the examining relationship; the treatment relationship, including the length of treatment, the frequency of examination and the nature and extent of the treatment relationship; the relevant evidence, including medical signs and laboratory findings, supporting the opinion; the consistency of an opinion with the record as whole; the specialization of the treating physician; and any other factors which tend to support or contradict the opinion.  An ALJ need not address each individual factor in making her decision, but must sufficiently demonstrate her analysis of the relevant evidence.  The regulations provide "progressively more rigorous tests for weighing opinions as the ties between the source of the opinion

and the individual become weaker." SSR 96-6p.

When the ALJ has not pointed to and articulated salient evidence, it is not the court's role to do so. See Rhinehardt v. Colvin, No. 4:12-CV-101-D, 2013 U.S. Dist. LEXIS 75948, 2013 WL 2382303, *2 (E.D.N.C. May 30, 2013) (citation omitted) ("If the ALJ fails to explain why an impairment does not meet the listing criteria, the decision is deficient."); Tanner v. Astrue, C/A No. 2:10-1750-JFA, 2011 U.S. Dist. LEXIS 105731, 2011 WL 4368547, *4 (D.S.C. Sept. 19, 2011) (stating "if the ALJ did not rationally articulate grounds for her decision, this court is not authorized to plumb the record to determine reasons not furnished by the ALJ"). In this case, the Magistrate Judge correctly observed that "the ALJ's holding provided no basis for giving greater weight to the opinion of Dr. Gomez." Doc. No. 12. Furthermore, in the Magistrate Judge's view, "[t]he ALJ failed to provide any explanation or analysis that would allow for meaningful review . . .." Id. Should the court agree with the Magistrate Judge that the ALJ's error was not harmless, it would mean that the court may not overlook it.

Defendant's chief contentions are quite beside the point. First, what does it matter, in Defendant's words, that "[t]he ALJ amply reviewed the evidence pertinent to Plaintiff's physical (and mental) condition during the relevant period, and

3

with respect to Plaintiff's arguments, he more than reasonably accounted for the credibly established limitations in connection with her manipulative function and otherwise," Doc. No. 13, since "the ALJ's holding provided no basis for giving greater weight to the opinion of Dr. Gomez?" Doc. No. 12.  Second, the errors are not harmless but reversible, and there can be no convincing invocations of judicial authority to change that fact.  Defendant points out precedent of our Circuit which maintains that "if the [ALJ's] decision is overwhelmingly supported by the record though the agency's original opinion failed to marshal that support, then remanding is a waste of time."  Doc. No. 13 (quoting Bishop v. Comm'r of Soc. Sec., 583 F. App'x 65, 68 (4th Cir. 2014)).  However, the Magistrate Judge concluded here, and the court agrees, that there is grave doubt about a dispositive crux of the ALJ's justification in reaching its decision.  It follows that the ALJ's error could not be harmless.  The court, thus, deems Defendant's principal objections to be unavailing.  Having reviewed the PF&R filed by Magistrate Judge Tinsley, the court adopts the findings and recommendation contained therein.

The court adopts the factual and legal analysis contained within the PF&R, **GRANTS** Plaintiff's Brief in Support of Judgment on the Pleadings (Doc. No. 10), **DENIES** Defendant's Brief in

4

Support of Defendant's Decision (Doc. No. 11), **REVERSES** the final decision of the Commissioner, **REMANDS** this case to the Commissioner for further proceedings pursuant to sentence four of 42 § U.S.C. § 405(g), and **DIRECTS** the Clerk to remove this matter from the court's docket.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to all counsel of record.

It is **SO ORDERED** this 29th day of March, 2017.

ENTER:

David A. Faber
Senior United States District Judge